STATE OF IOWA, Appellee, v. GEORGE H. GIBSON, Appellant.

**APPEAL AND ERROR:** Assignment of Errors—Fatal Indefiniteness.
1 An assignment that "the court erred in overruling the motion of the defendant for a new trial and in arrest of judgment, and for each of the several reasons therein set forth," raises no question on appeal. (See Book of Anno., Vol. 1, Sec. 12869, Anno. 37 *et seq.*)

**CRIMINAL LAW:** Trial—Change of Venue and Trial Judge—Discretion
2 of Court. Denial of a change of venue and of the trial judge may be within the fair discretion of the court, even on a record which would have justified a change. (See Book of Anno., Vol. 1, Sec. 13811, Anno. 5 *et seq.*)

**JURY:** Competency—Nondisqualifying Opinion. A juror is not disquali-
3 fied by an opinion as to guilt or innocence when the juror can and will lay aside such opinion and decide the cause solely on the evidence submitted on the trial.

**HOMICIDE:** Evidence—Dying Declarations. Dying declarations and
4 the circumstances attending the same reviewed, and held to justify their reception in evidence. (See Book of Anno., Vol. 1, Sec. 13897, Anno. 64 *et seq.*)

**HOMICIDE:** Malice—Use of Deadly Weapon—Instructions. Instruc-
5 tions to the effect that the use of a rifle in a deadly manner without legal excuse or justification raises a presumption of malice may not be said to assume that the accused used a rifle with which to kill the deceased.

**HOMICIDE:** Dying Declarations—Non-assumption of Fact. Instructions
6 that dying declarations could not be considered unless the jury found that the decedent was suffering from a mortal wound "which had been inflicted upon him by the defendant" may not, when the instructions are read as a whole, be said to assume that the defendant had inflicted such wound on the deceased.

Headnote 1: 17 C. J. p. 185.   Headnote 2: 16 C. J. p. 204; 17 C. J. p. 232.   Headnote 3: 35 C. J. p. 353.   Headnote 4: 30 C. J. pp. 251, 263. Headnote 5: 30 C. J. p. 346.   Headnote 6: 30 C. J. p. 337.

Headnote 1: 2 R. C. L. pp. 161, 162.   Headnote 2: 27 R. C. L. 827. Headnote 3: 35 L. R. A. (N. S.) 994; 16 R. C. L. 264.

*Appeal from Union District Court.*—HOMER A. FULLER, Judge.

JULY 1, 1927.

REHEARING DENIED DECEMBER 17, 1927.

Indictment for murder in the first degree. The defendant entered a plea of not guilty, and was tried to a jury, which returned a verdict finding the defendant guilty of murder in the first degree, and directed that defendant be imprisoned in the state penitentiary for the remainder of his life.—*Affirmed.*

*C. T. Gibson,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *George A. Johnston,* for appellee.

FAVILLE, J.—The defendant resided with his father and a married brother on a farm adjacent to the town of Thayer, in Union County, Iowa. On the 8th day of March, 1926, one Collings, the sheriff of Union County, accompanied by one Bourke, drove in an automobile to the home of the appellant, for the purpose of serving certain papers upon the appellant which related to the condemnation of certain land. The evidence discloses that the sheriff stopped at the house, and talked with the sister-in-law of the appellant, and inquired where appellant was. He then proceeded in the direction of the barn, which was located south and east from the house. The man Bourke alighted from the car, and started in the same general direction as the sheriff, toward the barn. When approximately 50 feet from the barn, the sheriff was struck in the abdomen by a bullet, which came from the direction of the barn door. This door was in two sections, one above the other, and the shot came through the crack between the two sections of the door, leaving a mark on the lower section. The sheriff was taken to the town of Thayer by

Bourke, and later to a hospital, where he died, on the following day. Upon an examination of the barn shortly after the shooting, an empty cartridge shell was found on the floor, and a high-powered rifle behind some harness. The shell fitted the rifle. Very shortly after the shooting, the defendant was arrested by Bourke in the town of Thayer. There were witnesses whose evidence tended to show that the appellant was seen coming from the direction of the barn to the town of Thayer at or about the time of the shooting. The appellant was in a store in Thayer at about the time that Bourke arrived in the town with the wounded officer. There was evidence tending to show that it would have taken about 4½ minutes to walk from the barn to the store, and approximately the same length of time to have driven the automobile as it was driven from the Gibson place to the town by Bourke. The appellant, as a witness in his own behalf, denied the shooting, and claimed that he left home for town about 1:30, and did not return prior to his arrest. There was evidence of threats by the appellant against the officer. The testimony of the witness Bourke and the dying declaration of the officer are to the effect that they saw Gibson come from the south and disappear behind the barn shortly before the sheriff walked toward the barn door.

An indictment was returned by the grand jury on the 10th day of April, 1926, charging the appellant with murder in the first degree. On April 15, 1926, the appellant entered a plea of not guilty, and the time for trial was fixed for May 17, 1927, at which time the trial was commenced. The appellant filed a petition for change of venue, which was overruled, and also a petition for change of trial judge, which was likewise overruled.

The case is presented in this court with little regard for the rules of this court respecting appeals in criminal cases. Assignments of error relied upon for reversal are not argued in ac-

1. APPEAL AND ER-ROR: assignment of errors: fatal indefiniteness.

cordance with our rules, and there is no citation of any authorities whatever to support the contentions of the appellant. Upon the record, we would be amply justified in disregarding the appeal, under the rules announced by this court in *State v. Ivey*, 196 Iowa 270; *State v. La Vere*, 194 Iowa 1373; *State v. Vandewater*, 203 Iowa 94; and other similar cases.

I. The appellant assigns error as follows:

"The court erred in overruling the motion of the defendant for new trial and in arrest of judgment, filed herein, and for each of the several reasons therein set forth." .

We have repeatedly held that such an assignment does not raise any question for consideration on appeal. *State v. Smith,* 192 Iowa 218; *State v. Harbour,* 193 Iowa 657; *State v. Gill,* 202 Iowa 242.

II.   The appellant predicates error upon the failure of the court to grant the appellant a change of place of trial on the showing that was made with regard to prejudice existing against him in Union County. The offense was commit-

2. CRIMINAL LAW: trial: change of venue and trial judge: discretion of court.

ted on the 8th day of March, 1926; the defendant was indicted April 10, 1926, and was placed upon trial on May 17, 1926. Union County has a population of something like 17,000 people, and unquestionably the fact of the killing and the purported circumstances surrounding it were well known through the country. Various newspapers of the county published accounts of the matter, and other papers of general circulation in the county, published elsewhere in the state, also carried accounts of it. One of these newspaper articles was inflammatory, and would have a tendency to arouse passion and prejudice. It was published in a small town in a remote part of the county, and had a very limited circulation. The affiants whose affidavits supported the motion for change of venue were brought before the court and examined in regard to said affidavits, and practically repudiated the statements therein contained, to the effect that the appellant could not secure a fair and impartial trial in that county.

The matter of the granting of a change of venue in a criminal action is largely a matter resting within the sound discretion of the trial court, and unless such discretion is abused, the ruling will not be disturbed by us. *State v. Sipes,* 202 Iowa 173. It would serve no useful purpose for us to set out in the record the various affidavits and newspaper articles referred to, and would unnecessarily incumber this record. We are free to say that, upon the showing made, it would have been very proper for the court to have granted a change of venue in this case. Great care, discretion, and good judgment should always be exercised by the trial court to see that a defendant charged with crime is given a fair and impartial trial, before an unbiased jury.

Upon the record in this case, we are disposed to hold that the showing is not such as to require us to find that there was an abuse of discretion on the part of the trial court in denying the motion for change of venue. See *State v. Hodges,* 198 Iowa 1208.

The same may be said to be true of the action of the trial court in refusing a change of judge. The right to a change of judge is not one of absolute right. The judge is entitled to consult his own mind, and he, perhaps better than anyone else, knows whether or not he can give a defendant on trial before him a fair and impartial trial in every way. The high appreciation of judicial duties should prompt any judge to refrain from presiding at the trial of one charged with crime when he feels a consciousness that he cannot act in the matter with impartiality and without a feeling of prejudice. Upon the showing made in this case, we are not disposed to interfere with the order of the trial court in overruling the motion for a change of trial judge. See *State v. Williams,* 197 Iowa 813.

III. It is contended that the court erred in overruling the challenges of the appellant to individual jurors upon their *voir dire.* It is true that a number of jurors, upon their preliminary examination, stated, in effect, that they had formed an opinion as to the guilt or innocence of the defendant. Some of these jurors were examined by the court, and it satisfactorily appeared from the whole examination that the jurors were competent to try the case solely upon the evidence offered in the trial, and to render an impartial decision upon said evidence, regardless of the previously formed opinion. The appellant has failed to point out specifically any instance where a disqualified juror was permitted to sit upon the trial of the case. No error has been shown in this record that would justify interference on our part. See *State v. Williams,* 197 Iowa 813.

3. JURY: competency: non-disqualifying opinion.

IV. Appellant complains of the admission in evidence of the alleged dying declaration of the decedent. It appears that a brother of the deceased's prepared a written statement, which is known in the record as Exhibit X, being a statement of the facts in regard to the tragedy, as told him by the decedent. This instrument was read over to the decedent, who made certain suggestions in regard thereto, which were incorporated in the instrument before

4. HOMICIDE: evidence: dying declarations.

it was signed by the decedent. It was signed but a short time before the decedent died. It was witnessed by two nurses, a minister, and the father and the brother of the deceased. The undisputed evidence clearly establishes that, at the time of the making of the said declaration, the decedent was clear in his mind, rational, and fully understood the gravity of his condition, and believed that death was impending. A certain portion of the dying declaration as contained in Exhibit X was stricken out by the court, and the exhibit itself was not permitted to go to the jury because it contained said stricken portion. The requirements for the admission of dying declarations in evidence were, we think, under the record, fully complied with. The case is ruled by *State v. Phillips*, 118 Iowa 660, 669; *State v. McKnight*, 119 Iowa 79. There was no error at this point. The matter was fully discussed in *State v. Sweeney*, 203 Iowa 1305.

V. Complaint is made of the action of the court in overruling motions of the defendant for a directed verdict at the close of the State's testimony and at the close of all of the evidence. The record clearly presented a case for the determination of the jury, and the court did not err in overruling the said motions.

VI. Error is predicated upon the giving of an instruction by the court upon the question of reasonable doubt. The instruction is not open to the exception urged against it.

VII. Complaint is made of the use of the sentence, "The selection and use of a deadly weapon such as a rifle, in a deadly manner, without legal excuse or justification, raises a presumption, and is evidence of malice." The exception to this portion of the instruction is that "it suggested to and firmly established in the minds of the jury, and as a fact established by the evidence, the idea that a rifle was used to effect the death of N. F. Collings." The same thought is repeated in other exceptions to the instruction. There is no merit in this contention. The court was dealing, in the instruction, with the definition of malice. The instruction as a whole was proper, and did not assume a fact to be determined by the jury.

5. HOMICIDE: malice: use of deadly weapon: instructions.

VIII. The court gave the jury an instruction regarding the dying declaration, and in so doing, used the expression, "and that he [decedent] was suffering from a mortal wound at said

6. **HOMICIDE:**
**dying declara-**
**tions: non-**
**assumption of**
**fact.**

time, which had been inflicted upon him by the defendant, George H. Gibson, on or about March 8, 1926." The exception is that this instruction "advised the jury herein that this defendant, George H. Gibson, had inflicted such mortal wound upon the body of the said N. F. Collings; that the infliction of said mortal wound, as aforesaid, was an established fact, and had been established by the evidence offered by the State; that this defendant was guilty of inflicting said mortal wound, as charged in the indictment filed herein."

There is no merit in the exception taken to this instruction. The instruction clearly advised the jury that, before they could consider the dying declaration, they must find the several matters specified in the instruction as a basis for the consideration of the dying declaration. There was no assumption by the court in the instruction that the defendant had inflicted the mortal wound. The exceptions are without merit. When the instructions are read as a whole, as they must be, we find no error therein that is now urged by the appellant requiring a reversal.

IX. It is argued that the evidence is insufficient to support the verdict. The case was clearly one for the consideration of a jury, and the verdict has ample support in the evidence. The judgment of the district court is affirmed. Appellee's motion to strike appellant's argument, submitted with the case, is overruled.—*Affirmed.*

All the justices concur.