STATE of Iowa Appellee,

v.

Donald Ray LAWRENCE, Appellant.

No. 83–70.

Supreme Court of Iowa.

Feb. 15, 1984.

Thomas J. Miller, Atty. Gen., Teresa Baustian, Asst. Atty. Gen., and David H. Correll, County Atty., for appellee.

Lylea M. Dodson, and William L. Kutmus and Mark S. Pennington of Kutmus & Pennington, Des Moines, for appellant.

Considered by REYNOLDSON, C.J., and UHLENHOPP, HARRIS, McCORMICK, and WOLLE, JJ.

HARRIS, Justice.

Defendant appeals following his conviction of first degree murder. There was overwhelming evidence to support the trial court's finding, following a bench trial, that defendant killed John Elex (Sal) Anderson, defendant's friend and drinking companion. The killing followed a day and night of drinking which ended in brawling and the shooting death of Anderson. We think the only two questions of possible merit should be reserved for postconviction proceedings. Hence we affirm the trial court.

It would not add to our jurisprudence to extensively detail the wanderings of defendant and the victim preceeding the shooting incident. As the trial court found:

Defendant and the victim, John Anderson, known as "Sal," had been good friends for nearly two years. They drank and socialized in the local bars and clubs at night and polished their cars and rode around on Saturdays and Sundays. Defendant and many of their mutual acquaintances knew that Sal carried a knife and was quick to pull it out of his pocket, open it and hold it out, but not use it.

After a day and evening of drinking, defendant, Anderson, and two other companions were in a Waterloo bar. By 1:30 a.m. defendant and Anderson were scuffling, a practice in which they frequently engaged. Usually these matches were not unfriendly. This time, however, the scuffling became more heated and there is an indication that Anderson attempted to draw his knife. At the suggestion of the friends defendant then left the bar but was back again by 2:00 and confronted Anderson. Anderson rejected the suggestion that the two shake hands and apologize and defendant thereafter left the bar.

In a few minutes Anderson also left the bar and approached his car in the adjacent parking lot. Defendant approached and shot him in the groin, seriously wounding him. Two companions attempted to pull defendant away from Anderson but defendant broke away. He then walked to within a few feet of Anderson, said "you got your knife now," and shot him in the head, killing him instantly. Anderson's knife was later found inside his trouser pocket.

■ I. Some of defendant's assignments of error do not require specific discussion. We reject his challenge to a number of evidentiary rulings. *See State v. Fuhrmann*, 257 N.W.2d 619, 624–25 (Iowa 1977) (admission of photographs); *State v. Nowlin*, 244 N.W.2d 596, 600 (Iowa 1976) (admission of victim's clothing). There is no merit in defendant's contention that the evidence was insufficient to support the trial court's finding that he shot Anderson without justification. *See State v. Hall*, 287 N.W.2d 564, 564–65 (Iowa 1980) (standard of our review of bench trials); *State v. Elam*, 328 N.W.2d 314, 317, 319 (Iowa 1982) (justification for the use of deadly force). There was no error in the trial court's denial of defendant's motion for new trial. We cannot find it probable that the purported "new evidence" would

change the result if a new trial were granted. *See State v. Folck*, 325 N.W.2d 368, 375 (Iowa 1982).

■ Citing several matters, defendant asserts he was denied effective assistance of counsel. This is a claim which we ordinarily find to be more appropriate for post-conviction review. We so find here. *See State v. Coil*, 264 N.W.2d 293, 296 (Iowa 1978) (court will not determine an ineffectiveness challenge on inadequate record). Other assignments will be discussed in the divisions which follow.

■ II. Under Iowa rule of criminal procedure 16(1) "[c]ases required to be tried by jury shall be so tried unless the defendant voluntarily and intelligently waives a jury trial *in writing and on the record* ...." (Emphasis added.) The right to waive a jury under rule 16(1) is absolute. *State v. Henderson*, 287 N.W.2d 583, 586 (Iowa 1980). A jury waiver, however, cannot be undertaken lightly. In *State v. Johnson*, 318 N.W.2d 417, 426 (Iowa 1982), we explained that a defendant's waiver of the constitutional right to a jury trial "must be a voluntary, knowing, intelligent act, done with awareness of the relevant circumstances and likely consequences."

■ Defendant here waived a jury trial by filing the following:

Comes now the defendant by his attorney and waives his right to a jury trial in this matter, and requests that this matter be tried to the court.

The document was signed by defendant's trial counsel and by defendant himself. There was no open court proceeding, nor record colloquy between the court and defendant concerning the waiver. Defendant did not challenge the waiver until after the trial court found him guilty. The waiver, however, was mentioned in a letter defendant later wrote to the trial judge and was treated and rejected without comment as a ground of defendant's motion for a new trial.

As one of his assignments of error defendant contends the record does not estab-

lish that his waiver was knowing and voluntary. The state thinks the rule, as now amended, requires only that a written waiver be placed on record. Under this view participation by the court is not required to ensure that the waiver was voluntary and intelligent. Defendant counters by pointing out that the document itself is silent on defendant's level of awareness and his voluntariness. Under these circumstances, defendant argues, the trial court, by independent inquiry, should make a record of defendant's state of mind; otherwise we can only speculate on a matter of crucial importance.

The right to waive a jury in felony cases is of rather recent vintage in Iowa. Enacted in 1976, the new rule significantly changed prior Iowa felony practice. *See* 4 J. Yeager & R. Carlson, Iowa Practice: Criminal Law & Procedure § 1121 (1979). For many years the right of waiver was granted only to defendants charged with no more than indictable misdemeanors and then only if in accordance with strict procedural safeguards in open court. *See* Iowa Code § 780.27 (1977).

As originally enacted, rule 16(1) provided:

Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial *in writing*.

1976 Iowa Acts ch. 1245, ch. 2, § 1301 (effective January 1, 1978) (emphasis added). Before the new rule became effective it was amended to read:

Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial *in a reported proceeding in open court.*

1977 Iowa Acts ch. 153, § 44 (emphasis added). *See* 4 J. Yeager & R. Carlson, Iowa Practice: Criminal Law & Procedure at § 1122 (explaining legislative history of rule 16(1)). The present version of rule 16(1), the one applicable to defendant's trial, is the result of a 1981 amendment. The rule was amended to read:

Cases required to be tried by jury shall be so tried unless the defendant *volun-*

*tarily and intelligently waives a jury trial in writing and on the record* within thirty days after arraignment and after such time only with the consent of the prosecuting attorney. The defendant may not withdraw a voluntary and knowing waiver of trial by jury as a matter of right, but the court, in its discretion, may permit withdrawal of the waiver prior to the commencement of the trial.

1981 Iowa Acts ch. 206, § 16 (emphasis added).

The purpose of the rule is to accord an accused the opportunity to elect a bench, rather than a jury, trial. The waiver by which an election is to be accomplished is a very serious matter. As noted in *Johnson,* the waiver must be knowing and voluntary. The most recent amendment to the rule requires that the waiver be made seasonably (except by agreement, "within thirty days after arraignment"), and makes the waiver binding (cannot be withdrawn "as a matter of right"). The changes were important for judicial economy in trial courts but they underscored, rather than changed, the fundamental requirement that the waiver be knowing and voluntary.

An open court proceeding is no longer expressly required by rule 16(1), though it once was. Neither is there any express requirement in the rule for a "verbatim record." *Compare* Iowa R.Crim.P. 8(3) ("A verbatim record of the proceedings at which the defendant enters a plea shall be made.").[1]

In *State v. Combs,* 316 N.W.2d 880, 883–84 (Iowa 1982), we held that rule 16(1) did not require an extensive inquiry by the court into the waiver. On the other hand our task here would have been greatly simplified if the trial court had conducted even a brief proceeding in open court at which defendant could attest his waiver. *See United States v. Martin,* 704 F.2d 267, 271–75 (8th Cir.1983).

Under the circumstances here the absence of an open court verbatim record does not require a reversal. The waiver,

bare as it was, was signed by both defendant and his trial counsel. It unquestionably was a part of the record. *See* Iowa R.App.P. 10(a). It was in no way challenged until after the bench trial was completed and defendant was found guilty.

We find that a written jury waiver taken in compliance with rule 16(1) is prima facie evidence that the waiver was voluntary and intelligent. When the defendant subsequently attacks its validity, he bears the burden of proving otherwise. In this case defendant challenges the voluntariness of his waiver based on alleged misrepresentations by his trial counsel, but the record contains no evidence to support his contentions. Therefore defendant has not carried his burden, and no basis for reversal on this ground appears.

■ III. At the state's request one of the trial judges recused himself and another judge presided over defendant's trial. Defendant argues he was prejudiced by the recusal. He makes no claim the second judge was prejudiced against him.

In support of this argument defendant cites a number of authorities which set forth grounds upon which judges shall either consider recusing themselves or actually recuse themselves from cases. *See State v. Smith,* 282 N.W.2d 138, 142 (Iowa 1979); *State v. Smith,* 242 N.W.2d 320, 323–24 (Iowa 1976); Iowa Code § 605.17 (1981); Iowa Code of Judicial Conduct Canon 3(C)(1). These authorities, however, only set the limits of a judge's decision to refuse recusal. They do not delineate grounds for challenging a judge's decision to step aside.

In *State v. Gibson,* 204 Iowa 1306, 1310, 214 N.W. 743, 745 (1927), we said:

> The right to change a judge is not one of absolute right. The judge is entitled to consult his own mind and he, perhaps better than anyone else, knows whether or not he can give a defendant on trial before him a fair and impartial trial in every way. The high appreciation of judicial duties should prompt any judge to

---

1. An exception is provided in rule 8(1) for writ-   ten pleas of not guilty.

refrain from presiding at the trial of one charged with crime when he feels a consciousness that he cannot act in the matter with impartiality and without a feeling of prejudice.

The right, if it exists at all, to *retain* a certain judge to preside over a specific case is even more tenuous. The judge here did not recuse himself because he believed his ability to be impartial was in any way affected by the motion. He simply felt his trial rulings might be questioned in the mistaken belief he was reacting in some way to the fact he had been asked to step aside. We cannot say this was unreasonable. There was no error.

AFFIRMED.