Francis J. TAYLOR, Jr., Appellee,

v.

**STATE of Iowa, Appellant.**

No. 99–1285.

Supreme Court of Iowa.

Sept. 6, 2001.

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2001).

Thomas J. Miller, Attorney General, and Cristen C. Odell and Richard A. Williams, Assistant Attorneys General, for appellant.

Marlyn S. Jensen, Osceola, for appellee.

SNELL, Senior Judge.*

This case involves a question concerning the district court's authority and discretion on limited remand from an appeal in post-conviction proceedings. Previously, we granted limited remand and instructed the district court to rule on a pre-existing motion. Thereafter, an amended motion was filed which prompted the court to recuse itself and grant a new trial. Because we feel it was error for the district court to grant a new trial, we remand the case for a ruling on the original motion.

## I. Factual Background and Procedure

The appellee, Francis J. Taylor, was convicted in 1991 for willfully failing to pay income taxes in 1985 and 1986. Iowa Code §§ 422.25(5), 714.8(10), 714.9 (1989). He was sentenced to two concurrent ten-year terms of imprisonment and ordered to pay a $4000 fine. Taylor appealed this sentence to our court, and we remanded for reconsideration. Upon resentencing, Taylor received a suspended sentence in 1992.

Taylor then sought postconviction relief. After a long history of procedural roadblocks not relevant here, Taylor's postconviction claims were heard by the district court in 1999. This resulted in a denial of

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2001).

Taylor's application for postconviction relief and a case dismissal. Taylor then made a timely Iowa Rule of Civil Procedure 179(b) motion to amend or enlarge the findings. He concurrently filed a notice of appeal to our court, inadvertently taking jurisdiction away from the district court to rule on his Rule 179(b) motion.

To allow the district court to address his Rule 179(b) motion, Taylor moved for a limited remand with our court. We granted this motion "for the limited purpose of addressing [Taylor's] motion for expanded ruling." The order also stated that remand proceedings were not to exceed twenty days. On day twenty, Taylor filed a "First Supplement to Rule 179 Motion, for Reconsideration and New Trial." In it, he not only made his first request for new trial from the district court's dismissal, but he also alleged that the presiding judge should recuse himself because he had developed an interest in the proceedings.

Before the State could reply, the court recused itself and granted Taylor a new trial. Although the ruling does not specifically say as much, we assume the district court granted Taylor a new postconviction hearing rather than a new trial. In its ruling, the court took offense to the allegations of bias, but nonetheless recused itself. It stated:

> The Court reluctantly does this, but in order to avoid the appearance of any impropriety the Court feels that it can no longer issue any orders or rulings in regard to any motions pending before the Court.

> The Court will further state, however, for whatever it is worth, that at no time has this Court taken any position or manifested an interest in the outcome of this matter in regard to either of the parties at any time. Such an accusation offends the integrity of this court and its sense of fairness which it has always applied vigorously in every case before it.

The problem that stemmed from the recusal was the court's interpretation of Rule 179(b). The court believed the rule required the same judge who made the original ruling be the same judge to amend or enlarge it. Because of this, it determined there was no other choice but to grant Taylor a new hearing. The court's ruling was as follows:

> This [recusal] becomes difficult however, in that the Supreme Court of Iowa has remanded this matter for this Court to rule on the motion pursuant to Rule 179(b). It is this Court's opinion that such a ruling on a 179(b) motion can only be made by the fact finder and/or the judge presiding in that matter. Therefore, due to the fact that the Court now recuses itself from this matter and cannot rule on the 179(b) motion, the Court grants motion for new trial. . . .

As Taylor's appeal before our court was still pending, the State then filed a notice of cross-appeal from the court's decision to grant a new hearing to Taylor and recuse itself. Taylor then voluntarily dismissed his appeal, and our court allowed the State to proceed as the appellant. On appeal, the State argues: (1) The district court abused its discretion by recusing itself, and (2) Even if recusal was proper, the district court had no authority to grant a new trial.

## II. Scope and Standard of Review

We review a court's decision to recuse or not to recuse itself for an abuse of discretion. *State v. Mann*, 512 N.W.2d

528, 532 (Iowa 1994); *State v. Farni*, 325 N.W.2d 107, 110 (Iowa 1982) ("[T]he decision of the trial judge will not be overturned unless there has been an abuse of discretion."). "An abuse of discretion is found when the trial court has clearly exercised its discretion on untenable grounds or acted unreasonably." *In re Marriage of Wagner*, 604 N.W.2d 605, 608 (Iowa 2000).

 Ordinarily, we review the decision to grant a new trial for an abuse of discretion. *Johnson v. Knoxville Cmty. Sch. Dist.*, 570 N.W.2d 633, 635 (Iowa 1997); *see also Condon Auto Sales & Serv., Inc. v. Crick*, 604 N.W.2d 587, 594 (Iowa 1999) ("[I]f the motion is based on a discretionary ground, we review for abuse of discretion."). However, where that decision is based upon an interpretation of statutory requirements, as is the case here, we review for correction of errors at law. *Wagner*, 604 N.W.2d at 608 ("[I]f the motion is based on a legal question, our review is on error.").

### III. Propriety of Recusal

 Although our limited remand did not contemplate a supplemental motion, the trial court has authority to hear a recusal challenge on limited remand. We will only reverse the court's decision to recuse itself if there is evidence of an abuse of discretion. Ordinarily, the issue of recusal comes before us because a judge did not recuse himself when asked, rather than from a judge's decision to recuse. When a judge agrees recusal is necessary, it is a matter based largely on judicial discretion. Here, we have very little to aid our review because no concrete reasons were given for the recusal.

In a somewhat similar context, when a judge decides to disqualify an attorney, we have said:

Because the district court did not mouth the magic words—actual conflict or serious potential for conflict—does not mean the court automatically abused its discretion. In our review we can determine whether the facts available to the court support the court's discretionary decision to disqualify ... counsel. *We emphasize, however, that trial judges should explain their discretionary decisions on the record.* It would aid our review if they would make detailed findings of fact and state why the facts show an actual conflict of interest or a serious potential for conflict of interest.

*State v. Vanover*, 559 N.W.2d 618, 627 (Iowa 1997) (emphasis added).

 Normally, when a judge does not recuse himself, the burden is on the party seeking recusal to prove that he should have. The State's argument here is that the court should not have recused itself in this situation where Taylor was not forced to bear this burden of proof, show actual prejudice, prove actual partiality, allege sufficient facts of extrajudicial bias, etc. *See, e.g., State v. Bear*, 452 N.W.2d 430, 434–35 (Iowa 1990). The State correctly states some of the questions we ask on review of a decision *not* to recuse. However, we do not use this same analysis on appeal when the judge *does* recuse himself. *State v. Lawrence*, 344 N.W.2d 227, 230–31 (Iowa 1984).

 In *Lawrence*, the judge agreed with the State's motion that his recusal was necessary. The defendant appealed, arguing he was biased by the original judge not hearing his case. We noted and held:

In support of this argument defendant cites a number of authorities which set forth grounds upon which judges shall

either consider recusing themselves or actually recuse themselves from cases. These authorities, however, only set the limits of a judge's decision to refuse recusal. They do not delineate grounds for challenging a judge's decision to step aside

... [W]e [have previously] said:

"The right to change a judge is not one of absolute right. The judge is entitled to consult his own mind and he, perhaps better than anyone else, knows whether or not he can give a defendant on trial before him a fair and impartial trial in every way. The high appreciation of judicial duties should prompt any judge to refrain from presiding at the trial of one charged with crime when he feels a consciousness that he cannot act in the matter with impartiality and without a feeling of prejudice."

The right, if it exists at all, to *retain* a certain judge to preside over a specific case is even more tenuous. The judge here did not recuse himself because he believed his ability to be impartial was [not] in any way affected by the motion. He simply felt his trial rulings might be questioned in the mistaken belief he was reacting in some way to the fact he had been asked to step aside. We cannot say this was unreasonable. There was no error [in the recusal].

*Id.* (citing Iowa Code § 605.17 (1981) (repealed 1983); Iowa Code of Judicial Conduct Canon 3(C)(1); *State v. Smith*, 282 N.W.2d 138, 142 (Iowa 1979); *State v. Smith*, 242 N.W.2d 320, 323–24 (Iowa 1976)) (quoting *State v. Gibson*, 204 Iowa 1306, 1310, 214 N.W. 743, 745 (1927)). Because this is largely an issue of discretion, we will uphold the recusal if it was reasonable. *See Gibson*, 204 Iowa at 1310, 214

N.W. at 745; *see also State v. Veal*, 564 N.W.2d 797, 812–13 (Iowa 1997) (approving judge's recusal from sentencing after meeting with prosecutor at a bar following conviction).

■ Here, the district court judge gave the same reason for his recusal the judge gave in *Lawrence*. Neither admitted they were biased, but rather, sacrificed their control of the case to temper the appearance of impropriety once their predilections had been challenged. Although we agree with our emphasis in *Vanover, i.e.,* that courts should provide a factual basis on the record for decisions left to their discretion, we have never found that the decision to recuse to avoid the appearance of impropriety is an abuse of discretion. We decline to do so today. As such, we find it was not an abuse of discretion for the judge to recuse himself.

IV. The Grant of New Trial

■ Our limited remand asked the district court to rule on the pending Rule 179(b) motion. Rule 179(b) provides that a judge's findings may be enlarged or amended by making such a motion. The rule states:

On motion joined with or filed within the time allowed for a motion for new trial, the findings and conclusions may be enlarged or amended and the judgment or decree modified accordingly or a different judgment or decree substituted. But a party, on appeal, may challenge the sufficiency of the evidence to sustain any finding without having objected to it by such motion or otherwise. Resistances to such motions and replies may be filed and supporting briefs may be served as provided in R.C.P. 100(d) and (e).

Iowa R. Civ. P. 179(b). Nowhere does it state that only the judge who made the

ruling can amend or enlarge the findings. As such, recusal of the presiding judge should not automatically lead to a new trial. In fact, another rule lends assistance here:

> In the event of the death or *disability* of a judge in the course of a proceeding at which the judge is presiding, or while a motion for new trial or for judgment notwithstanding the verdict, or for other relief, is pending, any other judge of the district may hear or act upon the same, and, if in the judge's opinion the judge can proceed with the matter or determine the motion the judge shall do so; otherwise, the judge may order a continuance, declare a mistrial, order a new trial of all or any of the issues, or make such disposition of that matter as the situation warrants.

Iowa R. Civ. P. 367(a) (emphasis added). Although this rule allows a new trial to be granted where a new judge must hear the case, Rule 367(a) requires the *new* judge to make this decision after he has first determined he *cannot* proceed. The district court erred by making this determination upon its recusal.

The above conclusion assumes that "disability" can embrace a situation where a judge recuses himself. Disability is defined as: "The inability to perform some function." Black's Law Dictionary 474 (7th ed.1999). Disable further means: "To legally *disqualify* (someone)." *Id.* (emphasis added). When a judge recuses himself, he no longer has the ability to perform and, thus, is disqualified. Disability then can encompass a recusal. In fact, the synonym of recusal in *Black's Law Dictionary* is "disqualification." *Id.* at 1281. Moreover, Iowa Code section 602.1606, which deals with the issue of recusal, refers to recusal as disqualifica-

tion. Iowa Code § 602.1606 (1999). Further, the recusal section 602.1606 lists Iowa Rule of Civil Procedure 367 regarding disability as a cross-reference. Therefore, we can easily equate disability with recusal under Rule 367. *See In re Marriage of Seyler*, 559 N.W.2d 7, 11 n. 4 (Iowa 1997) (recognizing that disability likely means legal disability rather than physical disability). As such, it was error for the recusing judge to grant the motion for new trial, rather than leaving that decision to the new judge under Iowa Rule of Civil Procedure 367(a).

As a matter of public policy, we note that we would not be well served if defendants could make accusations of impropriety, which when accepted, would result in an automatic new trial. In future cases, when a Rule 179(b) motion is pending, but the presiding judge sees fit to recuse himself, it is the new judge who has the authority to decide if a new trial is required. Otherwise, this new judge should rule on the pending motion. Nothing in Rule 179 requires a different result.

Therefore, we affirm the court's decision to recuse itself but reverse the grant of a new postconviction hearing. We reinstate the limited remand and return this case to the status it held at the time of our first remand, albeit before a different judge. As such, we will proceed as though Taylor's appeal is still pending before our court and retain jurisdiction. We recognize this is a unique disposition, but determine that our appellate authority justifies such an action. On limited remand, the district court is instructed to rule on the question posed by the original Rule 179(b) motion as directed and restricted by our initial order for limited remand. The district court, other than in regard to collat-

eral issues, has no authority to review questions outside those that existed at the time of the limited remand. *In re Marriage of Davis*, 608 N.W.2d 766, 769 (Iowa 2000) ("When ... an appellate court remands for a special purpose, the district court upon such remand is limited to do the special thing authorized by the appellate court ... and nothing else.").

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.**

All justices concur except STREIT, J., who takes no part.