**IN THE COURT OF APPEALS OF IOWA**

No. 3-1251 / 13-0707
Filed February 5, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**VICTORIA KAY CONRAD,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, George L.

Stigler, Judge.


        Victoria Conrad appeals her re-sentencing following convictions for forgery

and theft.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant

Attorney General, Thomas J. Ferguson, County Attorney, and Brook Jacobsen,

Assistant County Attorney, for appellee.


        Considered by Vogel, P.J., and Tabor and McDonald, JJ.

**VOGEL, P.J.**

Victoria Conrad appeals her re-sentencing, claiming the district court judge abused his discretion by failing to recuse himself, as he was the original sentencing judge. On direct appeal we found the district court considered an improper factor, vacated the sentence, and remanded for resentencing. Because, under our case law, the district court judge had no obligation to recuse himself on resentencing, we affirm.

In 2011, Conrad was charged with two counts of forgery as a habitual offender, in violation of Iowa Code sections 715A.2, 902.8, and 902.9 (2009), and theft in the second degree, in violation of Iowa Code sections 714.1(6) and 714.2(2). She pled guilty to all three counts. On March 12, 2012, the district court sentenced her. On appeal, the sentence was vacated and the case remanded for resentencing due to the district court's consideration of an improper factor. The second sentencing hearing was held on April 19, 2013 before the same judge, who sentenced Conrad to fifteen years on the forgery convictions, to run consecutively, and a five-year concurrent sentence on the theft conviction. Conrad requested the judge recuse himself, and the judge declined to do so, stating: "It was simply a professional decision and we will go from there." Conrad appeals.

We review the district court's decision regarding recusal for an abuse of discretion. *Taylor v. State*, 632 N.W.2d 891, 893 (Iowa 2005). The court only abuses its discretion when it acts on grounds clearly untenable or to an extent clearly unreasonable. *Id.* at 894.

A judge need only recuse himself when he has a personal bias or prejudice concerning a party, or personal knowledge of the facts in the proceeding. Iowa Code § 602.1606(1) (2013). Consideration of an improper factor at the first sentencing hearing is not enough to require that a different judge preside on remand. *State v. Nichols*, 247 N.W.2d 249, 256 (Iowa 1976).

In our remand decision, we "acknowledge[d] the district court's remarks may have been intended to simply redirect Conrad to her responsibility as a parent," but remanded as an impermissible factor "crept into the proceedings." However, there is no evidence the district court judge had a personal bias against Conrad, and the consideration of an improper factor in the previous sentencing hearing is not enough to establish such prejudice. *See id.* Therefore, Conrad has not met her burden showing grounds for recusal. *See State v. Millsap*, 704 N.W.2d 426, 432 (Iowa 2005). Therefore, we affirm the district court pursuant to Iowa Rule of Appellate Procedure 21.26(1)(a) and (e).

**AFFIRMED.**