# IN THE COURT OF APPEALS OF IOWA

No. 14-0583
Filed August 17, 2016

**MARGEL STEWART,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Appanoose County, Lucy J. Gamon, Judge.

An applicant appeals the district court's denial of her application for postconviction relief. **AFFIRMED.**

Kenneth J. Weiland Jr. of Weiland Law Firm, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

A jury found Margel Stewart guilty of third-degree harassment and reckless driving, both simple misdemeanors, in 2011. Her motion for new trial was denied by the presiding magistrate, and her convictions were affirmed by the district associate court. The supreme court denied discretionary review, and Stewart filed a postconviction-relief (PCR) application, seeking a new trial based on various claims of error. After a hearing on her claims, the district court denied the application in its entirety, and Stewart now appeals.

Stewart claims the court erred in denying her application because (1) her counsel's failure to inform her of a plea offer amounted to ineffective assistance of counsel; (2) she has newly discovered evidence that requires a new trial, specifically photographs taken from inside a store that Stewart believes show the complaining witness could not have seen Stewart drive by; (3) she has evidence some of the jurors were not truthful when they were asked during voir dire if they knew the complaining witness; (4) the jury was instructed incorrectly on the definition of reasonable doubt; and (5) there is insufficient evidence to support her conviction for reckless driving. In addition, Stewart claims the PCR court should have granted her request to have the judge recuse herself after Stewart informed her the day of the PCR trial that Stewart had filed "complaints" against the judge.

The PCR court rejected Stewart's claim regarding the failure of her counsel to inform her of a plea offer. The PCR court noted the county attorney made a professional statement that a plea offer was made to Stewart's second counsel. The county attorney could not remember the details of the offer, but he

did recall the offer was rejected and not renewed prior to trial. Stewart testified at the PCR hearing that she was not told of a plea offer, she would have considered taking a plea deal, but "it depended on what it was." Stewart's PCR attorney, who also represented her at the criminal trial, made a statement that the county attorney indicated at a break during criminal trial that he would have accepted a plea deal of "deferred prosecution."

The PCR court, in ruling on this claim, stated it believed the county attorney's rendition of the events and had no further record with respect to the plea offer. Stewart did not call her former attorney to testify as to the details of the offer or provide evidence as to whether the offer was conveyed to Stewart. Stewart also did not establish she would have accepted the offer, the court would have accepted the plea agreement, and the sentence under the agreement would have been less than she received as a result of trial. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012) (noting the factors that must be proven to establish prejudice when a defendant claims counsel's ineffectiveness led to the rejection of a plea offer). Without any further evidence, there is only evidence that some kind of plea offer was made and Stewart's "subjective, self-serving testimony" that she might have accepted it. *See Dempsey v. State*, 860 N.W.2d 860, 871 (Iowa 2015) (denying claim that a plea offer was rejected because of counsel's failure to properly advise defendant because there was "no objective evidence" to show how the misinformation affected the defendant's decision to reject the offer other than the defendant's "own subjective, self-serving testimony"). We agree with the PCR court's rejection of this claim.

The court rejected the newly-discovered-evidence claim, concluding "the photographic evidence is not such as to clearly exonerate [Stewart] and would not have likely changed the outcome of the trial." As to Stewart's challenge to the impartiality of the jury, she offered into evidence copies of the Facebook pages of several of the jurors, attempting to show these jurors have some acquaintance with the complaining witness or her family after these same jurors claimed during voir dire not to know anyone involved in the case. The PCR court ruled the Facebook pages were inadmissible on hearsay grounds and lacked proper foundation. Stewart offered no other evidence on this issue, and the court found Stewart failed to prove that the members of the jury were biased against her, even assuming the jury members had concealed their relationships with the complaining witnesses. The PCR court also rejected Stewart's challenge to the reasonable-doubt jury instruction, concluding the instruction given correctly stated the law, even if it was not the most recent uniform instruction on the issue. We agree with the PCR court's conclusions on all three of these claims and need not further supplement the record. *See* Iowa Ct. R. 21.26(1)(d).

Stewart's challenge to the sufficiency of the evidence was not ruled on by the PCR court, and it was litigated in the direct appeal from her conviction. As such, the claim is not preserved for our review, and it is barred by res judicata. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (citation omitted)); *Berryhill v. State*, 603 N.W.2d 243, 245 (Iowa 1999) ("We have long adhered to the general principle that postconviction relief proceedings are not an

alternative means for litigating issues that were or should have been properly presented for review on direct appeal."); *Jones v. Scurr*, 316 N.W.2d 905, 911 (Iowa 1982) (noting the sufficiency of the evidence was already litigated on direct appeal and "that prior adjudication bars relitigation of the issue" at PCR).

Finally, as to her claim against the PCR judge, Stewart's counsel moved to recuse the judge at the start of trial, claiming Stewart had filed "complaints" against the judge. There was no indication as to the nature of the complaints or where they had been filed. The PCR court denied Stewart's motion for recusal, stating it was unaware of any "complaints" being filed, it did not know the facts of this case outside of court, and although the judge had heard a number of cases involving Stewart, it had no reason to be biased against her. We find no abuse of discretion in the court's denial of the motion for recusal. *See Taylor v. State*, 632 N.W.2d 891, 893 (Iowa 2001) ("We review a court's decision to recuse or not to recuse itself for an abuse of discretion.").

We affirm the district court's denial of Stewart's postconviction-relief application.

**AFFIRMED.**