# IN THE COURT OF APPEALS OF IOWA

No. 16-1520
Filed November 9, 2016

**IN THE INTEREST OF L.B.,**
**Minor child,**

**S.B., Mother,**
     Appellant.

_____


     Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.


     A mother appeals adjudication and disposition orders in a child-in-need-of-assistance action involving her eleven-year-old child.  **AFFIRMED.**


     Eric W. Manning of Manning Law Office, PLLC, Urbandale, for appellant mother.

     Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

     Erin M. Hardisty of Youth Law Center, Des Moines, guardian ad litem for minor child.


     Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals adjudication and disposition orders in a child-in-need-of-assistance action involving her eleven-year-old child. She (1) challenges the grounds for adjudication, (2) contends the department of human services failed to make reasonable efforts toward reunification, and (3) takes issue with the district court's refusal to grant her motion for recusal.

## I.    Grounds for Adjudication

The district court adjudicated the child as a child in need of assistance under Iowa Code section 232.2(6)(b) (2015) (physical abuse or neglect), (c)(2) (failure to exercise a reasonable degree of care in supervising child), (d) (sexual abuse), and (n) (drug abuse). The record reveals the following facts.

The department social worker investigating the case testified the child was removed after she reported the following: (1) a spanking with a belt by her stepfather, resulting in a bruised bottom; (2) seeing her mother "isolate herself in . . . her own room and stay in there for extended periods of time," being unable to shower, and having insufficient food; (3) sexual abuse by a person living in the home; and (4) drug paraphernalia and other signs of drug use by her mother and stepfather. Another department social worker testified that these were ongoing concerns. In addition, two professionals who supervised visits testified to signs of drug use by the mother.

On our de novo review of the record, we are persuaded all the cited grounds were satisfied.

## II.    Reasonable Efforts

The department has an obligation to make reasonable efforts towards reunification.    *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000).    The mother contends the department "failed to maintain reasonable efforts in regards to [L.B.] attending school, maintaining services, and facilitating visitations."

The mother is correct that the department failed to enroll the child in school for almost four weeks after the child was placed with her adult sibling. The department blamed the mother, noting her insistence that the child remain in the Des Moines school district rather than the Melcher-Dallas school district where her sibling lived.    The district court ruled that the department had an obligation to ensure the child's school attendance as required by state law.    The court castigated the department for failing to enroll her and "direct[ed] that the child start attending school immediately."    The court also noted the child had an Individualized Education Plan in place in the Des Moines school system and directed the department "to make an independent investigation as to what is in the child's best interest."    The court subsequently ruled that, if the mother failed to sign the necessary releases, the department would have all the rights of the parents to execute releases for all purposes, including educational purposes. We conclude the district court appropriately addressed the school attendance issue.

We turn to the mother's visits with the child.    A department social worker testified the child had a visit with her mother following the removal and a second visit was cancelled because the child was "distraught" and did not wish to see her mother and stepfather.    Following the removal hearing, the district court ordered

visits at the department's discretion. At a later hearing, the court stated visits could not be denied simply because the child did not want them, absent therapeutic concerns.

The department facilitated additional visits. A service provider who supervised some of the visits noted the mother was forty-five minutes late for one and fifteen minutes late for another. She testified that, at one of the visits, the mother's skin had "raised sores" that appeared to have been "cover[ed] . . . up with makeup," "[h]er hands shook," and her leg "was bopping up and down."

The mother acknowledged she was late for two visits and missed one. While she cited transportation problems, she did not request transportation assistance and, indeed, testified she had "not requested any services from DHS" because she did not "need them."

We conclude the department rectified the school attendance problem and made reasonable efforts toward reunification.

## III. *Recusal*

Before the second day of the adjudicatory hearing, the mother filed a motion to recuse the judge based on the fact that she presided in a separate proceeding involving a potential witness. The district court denied the motion after citing and addressing the pertinent rule of Judicial Conduct. *See* Iowa Ct. R. 51:2.11(A) ("A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned."). The judge stated she "ha[d] no personal knowledge of [the witness] other than the facts that were brought to this Court's attention through the course of a prior judicial proceeding involving [the witness]" and "[a]ny information learned was . . . during

the course of this judge's duties." We discern no abuse of discretion in the court's ruling. *See Taylor v. State*, 632 N.W.2d 891, 893-94 (Iowa 2001) (setting forth standard of review).

We affirm the adjudicatory and disposition orders entered by the district court.

**AFFIRMED.**