# IN THE COURT OF APPEALS OF IOWA

No. 16-0114
Filed July 6, 2017

**DONALD RAY LAWRENCE,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

Applicant appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

John G. Daufeldt of Daufeldt Law Firm, P.L.C., Conroy, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Donald Lawrence appeals the district court's denial of his application for postconviction relief, claiming the State's motion to dismiss was untimely and his application was timely filed. We find the State's motion to dismiss was not untimely and the district court properly dismissed Lawrence's application as being filed beyond the statute of limitations. We affirm the district court.

## I. Background Facts and Proceedings

Lawrence was convicted of first-degree murder in 1982, and his conviction was affirmed. *See State v. Lawrence*, 344 N.W.2d 227 (Iowa 1984). Lawrence has filed multiple postconviction-relief applications on differing grounds that have all been denied. Lawrence filed his current application on August 18, 2014. The State filed a motion to dismiss on February 20, 2015, asserting Lawrence's application was time barred by Iowa Code section 822.3 (2014). A hearing on the motion to dismiss was continued several times. Lawrence also filed a motion for the approval of a medical expert on October 2 and subsequently amended his petition. The motion to dismiss and the motion for the approval of a medical expert were heard on December 21.

At the hearing, only arguments on the motion to dismiss were heard. The court entered an order granting the motion to dismiss on January 11, 2016. Lawrence now appeals.

## II. Standard of Review

"We ordinarily review postconviction relief proceedings for errors at law." *Love v. State*, 543 N.W.2d 621, 623 (Iowa Ct. App. 1995) (citations omitted).

Summary dismissals of postconviction actions are also reviewed for correction of errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

### III. Dismissal

Lawrence claims the district court violated Iowa Code section 822.6 and relevant case law by dismissing his application for postconviction relief. Iowa Code section 822.6 provides two methods for summary disposition of postconviction actions: (1) on the court's own initiative when "the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings" and (2) by motion by either party.

Iowa Code section 822.3 allows a postconviction action to be dismissed if the application is not "filed within three years from the date the conviction or decision is final or . . . from the date the writ of procedendo is issued." However, if "a ground of fact or law that could not have been raised within the applicable time period" is asserted, the statute of limitations will not apply. Iowa Code § 822.3

Lawrence's claims rest on the wording, and application, of Iowa Code section 822.6. Lawrence's claims also require the district court to have summarily dismissed the postconviction action. However, it is apparent the district court's ruling was based only on Iowa Code section 822.3 and did not summarily dismiss the postconviction action but rather found Lawrence's claims were time-barred. *See Ramirez v. State*, No. 13-1847, 2015 WL 4936386, at *1 (Iowa Ct. App. Aug. 19, 2015). The requirements of section 822.6 are not applied to dismissals based on section 822.3. The postconviction claim made by Lawrence was clearly time-barred as it was filed more than thirty years after his

conviction. While his application attempts to raise "a ground of fact or law that could not have been raised within the applicable time period," the record shows this information was known to him in 1986. We find the district court did not err in dismissing Lawrence's postconviction action.

**AFFIRMED.**