# IN THE COURT OF APPEALS OF IOWA

No. 16-1181
Filed January 11, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**VICTOR WAYNE JAMISON,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Hamilton County, Paul B. Ahlers,

District Associate Judge.


        Defendant appeals his conviction and sentence for operating while

intoxicated.  **AFFIRMED.**



        Nina Forcier of Forcier Law Office, P.L.L.C., Waterloo, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.



        Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Victor Jamison appeals his conviction and sentence for operating while intoxicated. We find the district court did not abuse its discretion in sentencing Jamison to ninety days in jail. We affirm.

### I.     Background Facts & Proceedings

Jamison was charged with operating while intoxicated, in violation of Iowa Code section 321J.2 (2015), a serious misdemeanor. He entered into a plea agreement in which he agreed to plead guilty to the charge and the State agreed to recommend he receive a sentence of four days in jail.[1] The State also agreed to dismiss a speeding ticket. Jamison signed a written guilty plea, which was accepted by the court.

At the July 13, 2016 sentencing hearing, the State recommended Jamison be sentenced to four days in jail. The court asked what prompted Jamison's contact with law enforcement, and the prosecutor stated Jamison had been driving 138 miles per hour in a sixty-five mile per hour zone. The court then asked about Jamison's blood alcohol level and was informed it was .225. Defense counsel also requested Jamison be sentenced to four days in jail, pointing out Jamison was employed, had undergone a substance abuse evaluation, had begun treatment, and had some medical problems. Jamison had two previous convictions for driving while intoxicated in Virginia.

The court sentenced Jamison to ninety days in jail, with credit for time served. The court determined Jamison could leave jail to accommodate his work

---

[1] The plea agreement also encompassed all other mandatory minimum sentences.

schedule, pursuant to section 356.26, subject to the conditions he exhibit good behavior and avoid alcohol and drugs. Jamison now appeals.

## II.      Standard of Review

If a sentence is within the statutory limits, we review a district court's sentencing decision for an abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). "Thus, our task on appeal is not to second-guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 553. "In other words, the district court did not abuse its discretion if the evidence supports the sentence." *Id.*

## III.      Discussion

Jamison claims the district court abused its discretion by sentencing him to ninety days in jail. He states the court improperly considered the charge of speeding, which was dismissed. He claims the court's inquiry into the circumstances of his arrest turned the court into an advocate for the State.

During sentencing, a court "may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *State v. Washington*, 832 N.W.2d 650, 659 (Iowa 2013). There must be an affirmative showing the court relied upon improper evidence. *State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998).

On the other hand, in applying its discretion in sentencing,

> The trial court and we on review should weigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in

determining a proper sentence. The punishment should fit both the crime and the individual.

*State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979); *see also State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015). Thus, the court should consider the nature of the offense and the attending circumstances. *State v. Millsap*, 704 N.W.2d 426, 435 (Iowa 2005).

Under the unique circumstances of this case, we determine the district court could consider the fact Jamison was stopped for speeding and his blood alcohol level at the time of the stop, as these relate to the nature of the offense and the attending circumstances. Jamison's claims would improperly prohibit the court from considering all of the applicable factors the court should review before imposing the sentence. *See State v. Schlachter*, 884 N.W.2d 782, 786 (Iowa Ct. App. 2016) (noting the parties' plea agreement could not prohibit the court from considering a defendant's criminal history at the time of sentencing). Additionally, the scope of inquiry in a sentencing proceeding is in the hands of the court. *State v. Cole*, 168 N.W.2d 37, 41 (Iowa 1969). Here, where the court felt more information was necessary in order to fulfill its duty to sentence the defendant, the court could reasonably make inquiries. *See Washington*, 832 N.W.2d at 661 (noting it was "nothing out of the ordinary" for the sentencing court to ask the defendant about employment and the ability to pay a civil penalty).

Finally, Jamison claims the court did not look at him individually but focused solely on the nature of the offense. "The nature of the offense alone cannot be determinative of a discretionary sentence." *State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982).

At the sentencing hearing, the court stated:

Mr. Jamison, my goals with respect to sentencing are to provide for your rehabilitation and protection of the community. In trying to achieve these goals, to the extent these details have been made known to me, I have taken into account the recommendations of the parties; your age; your employment history and circumstances; your educational background; your family background and circumstances; your criminal history, including the fact that this is your third drunk driving offense since 2013. I have also taken into account your appearance and demeanor here in the courtroom; your substance abuse issues and needs as addressed in the Substance Abuse Evaluation Report on file, as well as discussions regarding that issue here today; your mental-health issues and needs, as addressed here; the nature of the offense and facts and circumstances surrounding it, including the fact that your blood-alcohol level was nearly 300 percent of the legal limit; and the dangerous driving that was being conducted based on your speed. With an excessive blood-alcohol level, as well as the— considering the other information contained in the Presentence Investigation Report, . . . I have considered all those factors, Mr. Jamison, whether I go into detail about them or not.

We conclude the record shows the court considered several factors, including the nature of the offense and the attending circumstances, but did not rely on these two factors alone. The court's statement during the sentencing hearing shows the court also considered Jamison's age, employment history, educational background, family background, criminal history, substance abuse issues, and mental health issues. We find Jamison has not shown the district court abused its discretion by relying solely on the nature of the offense in determining Jamison's sentence.

We affirm Jamison's conviction and sentence.

**AFFIRMED.**

Potterfield, J., concurs; Vaitheswaran, P.J., dissents.

**VAITHESWARAN, Presiding Judge** (dissenting).

I respectfully dissent. I would conclude the district court improperly considered Jamison's speed. *See State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998). Accordingly, I would vacate the sentence and remand for resentencing.