# IN THE COURT OF APPEALS OF IOWA

No. 14-2044
Filed October 28, 2015

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**RAYMOND PRESTON JONES SR.,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

A defendant appeals from his conviction and sentence for criminal mischief in the fourth degree. **AFFIRMED.**

Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Michael Walton, County Attorney, and Elizabeth Cervantes, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**DANILSON, Chief Judge.**

Raymond Jones Sr. appeals from his conviction and sentence for criminal mischief in the fourth degree, in violation of Iowa Code sections 716.1 and 716.6 (2013). He maintains substantial evidence does not support the district court's finding of guilty. Because we find substantial evidence supports the district court's finding of guilt, we affirm.

**I. Background Facts and Proceedings.**

On July 12, 2014, Jones was helping his neighbor search for his missing minor child. The Davenport police had been dispatched and were conducting a search of the area.

Unbeknownst to her, Roxanne Hughes drove through the area the police and neighbors were searching. Hughes noticed a man—later identified to be Jones—on the side of the road flailing his arms. Hughes believed the man wanted her to stop her car, but she did not because she "didn't know what his intentions were." She slowed her speed and continued to drive past him. As she drove past the man, he "forearm smashed" her windshield. Hughes testified he brought his forearm and elbow down "in a pretty good force." As a result, the windshield fractured.

Officer Michael Murphy was approximately one-half block from the incident. Murphy "saw the windshield get hit by that individual" and "heard a really loud thud from the windshield getting smacked."

Hughes drove approximately one-half block further before she noticed police officers standing on or near the corner. Hughes stopped her vehicle and

got the attention of Officer Wayland. Hughes pointed Jones out to Officer Wayland and told him the man wearing a yellow shirt standing in the road had just used his forearm or hand to smash her windshield. Officer Wayland approached Jones to ask him about the incident. As he was asking Jones about it, Officer Murphy walked over and stated he had witnessed Jones hit the windshield. Officer Murphy testified that during his conversation with him, Jones admitted he hit the windshield but denied he broke it.

On August 8, 2014, Jones was charged by trial information with criminal mischief in the fourth degree. The matter proceeded to a bench trial on October 23, 2014. Jones took the stand and denied he hit the windshield. He also denied he had told the officers at the scene he hit the windshield.

Following the trial, the district court found Jones guilty of criminal mischief in the fourth degree. Jones received a suspended sentence of 120 days and was placed on probation. He appeals.

**II. Standard of Review.**

We review challenges to the sufficiency of evidence for correction of errors of law. *State v. Milsap*, 704 N.W.2d 426, 430 (Iowa 2005). "Our goal is to determine whether a rational trier of fact could have found the defendant guilty of the offense charged beyond a reasonable doubt." *Id.* (internal quotation marks omitted). We review the evidence in the light most favorable to the State. *Id.* at 429. Because the defendant appeals from a bench trial, he may "challenge the sufficiency of evidence on appeal irrespective of whether a motion for judgment

of acquittal was previously made." *State v. Abbas*, 561 N.W.2d 72, 74 (Iowa 1997).

**III. Discussion.**

To prove a violation of criminal mischief in the fourth degree, the State must establish the defendant intentionally caused damage to the property of another, with no right to do so, and the resulting damage was between $200 and $500. *See State v. Chang*, 587 N.W.2d 459, 461 (Iowa 1998). Jones maintains there was insufficient evidence to prove he had the specific intent to damage Hughes' windshield.

"Because proof that the defendant acted with the specific intent . . . requires a determination of what the defendant was thinking when an act was done, it is seldom capable of being established with direct evidence." *State v. Schminkey*, 597 N.W.2d 785, 789 (Iowa 1999). "Therefore, the facts and circumstances surrounding the act, as well as any reasonable inferences to be drawn from those facts and circumstances, may be relied upon to ascertain the defendant's intent." *Id.* Both Hughes and Officer Murphy witnessed Jones use his forearm to smash Hughes' windshield. Hughes testified Jones used a "pretty good force," and Officer Murphy heard "a really loud thud" from approximately one-half block away. The natural consequence of Jones' action was damage to the windshield. *See State v. Taylor*, 689 N.W.2d 116, 132 (Iowa 2004) ("The State is assisted in meeting its burden of proof by the principle that an actor will ordinarily be viewed as intending the natural and probable consequences that usually follow from his or her voluntary act."). In viewing the evidence in the light

most favorable to the State, there is substantial evidence to support a finding that Jones specifically intended to damage the windshield.  Thus, we affirm Jones' conviction and sentence for criminal mischief in the fourth degree.

**AFFIRMED.**