# IN THE COURT OF APPEALS OF IOWA

No. 16-0800
Filed January 10, 2018

**ANTHONY EARL HOPKINS,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Cerro Gordo County, DeDra L. Schroeder, Judge (postconviction), and Annette L. Boehlje, District Associate Judge (plea and sentencing).

Anthony Hopkins appeals the dismissal of his first postconviction-relief application. **AFFIRMED.**

Thomas M. McIntee, Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

Anthony E. Hopkins pled guilty to willful injury resulting in bodily injury.  *See* Iowa Code § 708.4(2) (2013).  This court affirmed his judgment on direct appeal. *See State v. Hopkins*, No. 14-0916, 2015 WL 1331682, at *1-2 (Iowa Ct. App. Mar. 25, 2015).

Hopkins filed an application for postconviction relief (PCR) raising several ineffective-assistance-of-counsel claims.  Following trial, the district court denied the application.  The court also denied a post-trial motion.

On appeal, Hopkins contends his plea attorney was ineffective in (A) failing to ensure he understood the plea agreement and the effect of entering a guilty plea, (B) failing to pursue or investigate a potential claim of self-defense, (C) failing to object to an incorrect criminal history in a presentence investigation report and a comment in the criminal history, and (D) failing to request recusal of the sentencing judge.  He also contends his PCR attorney was ineffective in failing to address his self-defense claim by deposing the person he injured and calling that person as a witness at the PCR trial.  Hopkins was required to establish counsel breached an essential duty and prejudice resulted.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

## I.    Plea Counsel

### A.  Guilty Plea

Hopkins argues his guilty plea was not knowing, intelligent, or voluntary because he thought he was pleading guilty to other crimes with which he was charged.  On our de novo review of the record, we are unpersuaded by his assertion.

The prosecutor committed the proposed plea agreement to paper. His letter outlined the charge in the pending case as well as the proposed reduction in the charge. The letter also outlined misdemeanor charges in other cases and the prosecutor's proposed reduction of those charges. Hopkins signed and initialed a written guilty plea agreement in the pending case. In accord with the letter, the agreement left no doubt about the pending offense, identifying it as willful injury causing bodily injury, a Class "D" felony.

At a plea hearing, the prosecutor explained that the plea agreement "actually encompasse[d] three cases" but two were "already . . . taken care of." In the pending case, the prosecutor stated he agreed to amend the charge of willful injury resulting in serious injury to the lesser crime of willful injury resulting in bodily injury in exchange for Hopkins' guilty plea. Hopkins acknowledged his understanding of the elements and penalties associated with the offense as well as the rights he was giving up. He also affirmed his knowledge of other pending charges that were not in front of the court. He described the facts underlying the charge to which he was pleading, stated he was not subjected to promises other than the terms of the plea agreement, and stated he was not threatened to enter the plea agreement and was thinking clearly.

We conclude Hopkins entered his plea knowingly, intelligently, and voluntarily. His plea attorney did not breach an essential duty in failing to challenge the plea on this ground.

### B. Self-Defense

Hopkins contends his plea attorney was ineffective in failing to pursue or investigate a potential claim of self-defense. In his view, his attorney should have

deposed the person who was injured. Hopkins also raises this contention under an ineffective-assistance-of-PCR-counsel rubric. We will address it in that context.

### C. PSI Report/Criminal History

The district court sentenced Hopkins to a suspended five-year prison term, three years of probation, a suspended fine, restitution, and a stay at a residential correctional facility. The court ordered him to remain in custody pending his placement at the facility but allowed him to turn himself in at the end of the day.

On appeal, Hopkins contends his plea attorney was ineffective in failing to object to an incorrect PSI report and criminal history. He specifically challenges a misdemeanor assault conviction and argues the plea-taking court used his "assault history" in ordering him placed at the residential correctional facility.

We agree the PSI report erroneously listed the offense as "assault intent to inflict serious injury" and Hopkins' attorney did not object to this characterization. We also agree Hopkins' criminal history included the following comment: "known to assault police officers." But Hopkins could not establish *Strickland* prejudice because he had a history of convictions for criminal mischief and interference with official acts that reasonably could have informed the sentencing court's decision to place him at a residential corrections facility.

### D. Recusal

Hopkins contends his plea attorney was ineffective in failing to "adequately and effectively pursue sentencing before a different judge" based on an appeal in another case. Counsel did move to recuse the judge. After considering arguments, the district court denied the motion orally and in a written ruling. The court expressed doubt about authority requiring recusal "if there's been an appeal in

another matter involving a party." The court also was unaware of an appeal until it was raised in the pending proceeding and was unaware of the grounds for appeal.

We conclude counsel effectively raised the issue of recusal. We further conclude there was no basis for reasonably questioning the judge's impartiality. *See* Iowa Code of Judicial Conduct Rule 51:2.11(A); *State v. Millsap*, 704 N.W.2d 426, 432 (Iowa 2005) ("Only personal bias or prejudice stemming from an extrajudicial source constitutes a disqualifying factor."). Counsel did not breach an essential duty in the way he pursued this issue.

Hopkins also argues recusal was required based on the judge's review of the erroneous portion of the PSI report and the comment in the criminal history. Having addressed the issue in a separate division and found counsel not ineffective in failing to challenge those items, we further conclude counsel was not ineffective in failing to seek recusal on this basis.

## II.    PCR Counsel

Hopkins argues his PCR attorney was ineffective in failing to depose the alleged victim or call him as a witness at the PCR trial. On our de novo review, we disagree.

The court of appeals mentioned self-defense in its opinion resolving Hopkins' direct appeal. *See Hopkins*, 2015 WL 1331682, at *2 n.1 (citing Hopkins' assertion he "may have been acting in self-defense" and "intoxication is a valid defense against a specific intent element" but stating "a valid guilty plea waives all defenses and objections"). But the issue was raised in the context of Hopkins' assertion that the plea lacked a factual basis. The assistant appellate defender

who represented Hopkins on appeal conceded as much in her brief, which was admitted as an exhibit at the PCR trial, and in her testimony at the PCR hearing. The issue Hopkins now raises is different and is not controlled by our prior opinion.

That said, the issue does not warrant reversal. Hopkins' plea attorney testified he spoke to Hopkins about the risks of pursuing a self-defense theory, including the fact one "can only meet force with like force" and the alleged victim "did not have a weapon." And, the attorney informed Hopkins he would have to admit he stabbed the alleged victim if he wished to pursue a self-defense claim. The attorney stated, in light of these risks, Hopkins elected to enter a plea, in lieu of risking a ten-year prison term.

Given the strategic decision to forego a self-defense theory, the plea attorney did not breach an essential duty in failing to depose the alleged victim. It follows that PCR counsel did not breach an essential duty in declining to depose that individual or call him as a witness at the PCR trial.

We affirm the denial of Hopkins' PCR application.

**AFFIRMED.**