# IN THE COURT OF APPEALS OF IOWA

No. 18-1999
Filed September 11, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRENNA FOLKERS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Brook K. Jacobsen, District Associate Judge.

The defendant challenges the sufficiency of the evidence to support her conviction of child endangerment. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Tabor and Greer, JJ.

**POTTERFIELD, Presiding Judge.**

Brenna Folkers challenges the sufficiency of the evidence supporting her conviction of child endangerment following a trial to the bench. The State had the burden to prove beyond a reasonable doubt (1) Folkers was the parent having custody or control over V.W., (2) V.W. was under the age of fourteen, and (3) Folkers knowingly acted in a manner that created a substantial risk to V.W.'s physical, mental, or emotional health or safety. *See* Iowa Code § 726.6(1)(a) (2017); *see also State v. Millsap*, 704 N.W.2d 426, 436 (Iowa 2005) (providing "child," as used in the statute, refers to a minors under the age of fourteen). Folkers challenges only the third element.

We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). We "consider all of the record evidence viewed 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *Id.* (citation omitted).

Here, the court concluded Folkers's "acts of permitting illegal drugs to be present and repeatedly used in the residence shared with V.W. created a substantial risk to his physical, mental, or emotional health or safety." Folkers does not dispute that she aware there was marijuana and hash oil kept in the home or that she had used both in the home before. She maintains there was not enough evidence to support a determination she acted in a way that created a substantial risk to V.W. because there was no evidence he was in the home or that she was parenting him at the times when she used the illegal drugs.

Additionally, she maintains the evidence at trial established the drugs were kept in a secured place that V.W. could not access.

We agree that the State did not present any evidence that V.W. was in the home or that Folkers was parenting him when she used the drugs. But the district court concluded the more credible evidence established the drugs were kept in an unlocked cabinet in the bathroom, which V.W.—who was almost two and a half years old at the time—could access. Although Folkers told the police and her husband testified at trial that the cabinet was kept locked, video footage from an officer's body camera admitted at trial showed the husband opening the cabinet without first unlocking it. Additionally, the husband testified a baby gate was used to keep V.W. from being able to access the bathroom area, but no gate appeared in the body camera footage. Keeping marijuana and hash oil in the home where a toddler can access it creates a substantial risk to the child's safety. *See State v. Maaske*, No. 06-0145, 2007 WL 750632, at *2 (Iowa Ct. App. Mar. 14, 2007) (affirming babysitter's conviction for child endangerment when she was aware of the presence of crack cocaine and marijuana in the apartment and allowed the children to be there); *see also State v. Bailey*, No. 18-0736, 2019 WL 1933996, at *5 (Iowa Ct. App. May 1, 2019) (finding a factual basis supported the grandmother's guilty plea to child endangerment when the grandmother placed her purse, which she knew contained several controlled substances, on the floor where the children could access it).

Because substantial evidence supports Folkers's conviction, we affirm.

**AFFIRMED.**