# IN THE COURT OF APPEALS OF IOWA

No. 18-2186
Filed October 23, 2019

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JUSTIN CHARLES FIEMS,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Des Moines County, Emily S. Dean,
District Associate Judge.

Justin Fiems appeals from his conviction for child endangerment.
**AFFIRMED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Maria
Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney
General, for appellee.

Considered by Bower, C.J., Greer, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DANILSON, Senior Judge.**

A jury found Justin Fiems guilty of child endangerment, in violation of Iowa Code section 726.6(1)(a) (2017). Fiems challenges the sufficiency of the evidence that he knowingly acted in a manner creating a substantial risk to the child's physical, mental, or emotional health or safety. We affirm.

We review claims of insufficient evidence for correction of errors at law. *State v. Benson*, 919 N.W.2d 237, 241 (Iowa 2018).

Child endangerment is a general-intent crime. *See* Iowa Code § 726.6(1)(a) (requiring a person to act "knowingly"); *see also Benson*, 919 N.W.2d at 245. "We interpret the word 'knowingly' in this statute to mean 'the defendant acted with knowledge that [he] was creating substantial risk to the child's safety.'" *State v. Leckington*, 713 N.W.2d 208, 214 (Iowa 2006) (quoting *State v. James*, 693 N.W.2d 353, 357 (Iowa 2005)). A defendant's knowledge may be proved not only by direct evidence, but also by reasonable inferences drawn from the surrounding circumstances. *State v. Millsap*, 704 N.W.2d 426, 430 (Iowa 2005).

We acknowledge the difficulties and frustration Fiems faced in solving his adopted child's behavior issues. Notwithstanding, viewing the evidence in the light most favorable to the State—"along with a good dose of common sense," *see Leckington*, 713 N.W.2d at 214—by locking his almost-seven-year-old child in a bare basement room for ten to twelve hours a night without access to a bathroom, communication, or egress, the jury could find Fiems knowingly created a substantial risk of emotional, mental, and physical harm. The statute does not require actual harm come to the child; knowingly creating a risk of harm is

sufficient. *See State v. Anspach*, 627 N.W.2d 227, 232–33 (Iowa 2001). We affirm the conviction.

**AFFIRMED.**