# IN THE COURT OF APPEALS OF IOWA

No. 19-1687
Filed July 22, 2020

IN RE THE MARRIAGE OF MIKE ANDERSON
AND ABBY ANDERSON

Upon the Petition of
**MIKE ANDERSON,**
        Petitioner-Appellee,

**And Concerning**
**ABBY ANDERSON,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Story County, Kurt L. Wilke, Judge.


        Abby Anderson appeals the district court's denial of her petition to modify

the decree dissolving her marriage to Michael Anderson.  **AFFIRMED.**



        Ryan Babich and Amy K. Davis of Babich Goldman, P.C., Des Moines, for

appellant.

        Michael Anderson, Ames, self-represented appellee.



        Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Abby and Michael Anderson married in 2004 and divorced in 2017. Abby appealed, contending the court should have granted her physical care of the children. This court affirmed "the district court's thorough and well-reasoned decree in its entirety." *See In re Marriage of Anderson*, No. 17-2002, 2018 WL 3655096, at *4 (Iowa Ct. App. Aug. 1, 2018). Procedendo issued on September 10, 2018.

Approximately two months later, Abby filed an application to modify the physical care provision of the decree. The district court denied the application, and Abby filed a second appeal.

Abby contends the district court (1) should have modified the dissolution decree to grant her physical care of the children; (2) "showed a bias against [her] when questioning her"; (3) should have increased Michael's child support obligation; and (4) should have modified the holiday visitation schedule.

## I.    *Physical Care*

A person seeking modification of a dissolution decree bears a heavy burden. *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). The person "must establish by a preponderance of evidence that conditions since the decree was entered have so materially and substantially changed that the children's best interests make it expedient to make the requested change." *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015) (quoting *Frederici*, 338 N.W.2d at 158).

Abby contends she satisfied her burden by establishing a deterioration in communication with Michael after the divorce. The district court thoroughly addressed the issue, including several hundred text messages submitted by Abby.

The court acknowledged that "[c]ommunication problems" could constitute a substantial change of circumstances but questioned "whether Abby . . . acted in good faith to promote better communication with Michael."  The court also considered the oldest child's preference to live with Abby.  After noting that the preference was entitled to less weight in a modification proceeding than in an original proceeding, the court stated, "[w]hat needs to be modified are the parents' dealings with each other," rather than the physical care arrangement.  *See id.* at 35 (examining child's preference in a modification proceeding).  The court concluded Abby failed to establish a substantial change of circumstances warranting modification of the decree.  On our de novo review of the record, we agree with the district court's conclusion.

## II.    *Court Bias*

Abby next contends the trial judge's questioning of her reflected a bias against her.  She did not object to the questions or move for recusal of the judge, raising doubts about whether she preserved error.  *See State v. Cuevas*, 288 N.W.2d 525, 532 (Iowa 1980).  Bypassing that concern, we are not persuaded the court exhibited bias.  First, the judge's questions were focused on the evidence presented by Abby.  For that reason, the questions could not have served as a basis for recusal of the judge.  *See State v. Millsap*, 704 N.W.2d 426, 432 (Iowa 2005) ("Only personal bias or prejudice stemming from an extrajudicial source constitutes a disqualifying factor.").  Second, the claimed bias of the judge was simply an effort to weigh the evidence and assess witness credibility—functions the judge was particularly equipped to perform.  *See In re Marriage of Vrban*, 359 N.W.2d 420, 423 (Iowa 1984) ("There is good reason for us to pay very close

attention to the trial court's assessment of the credibility of witnesses. A trial court deciding dissolution cases 'is greatly helped in making a wise decision about the parties by listening to them and watching them in person.'" (citation omitted)). On our de novo review of the record, we are persuaded that the court appropriately weighed the evidence in reaching its decision.

### III.    *Child Support*

In the dissolution decree, the district court made findings concerning each parent's earnings and ordered Michael to pay Abby child support of $337.92 per month. On appeal, Abby contends "in the event the shared care arrangement is not modified, Michael's child support obligation should still be modified to $406.91." In her view, the original sum varies by ten percent or more from the amount that would be due under the current guidelines, mandating modification. *See* Iowa Code § 598.21C(2)(a) (2018). Michael responds that the issue is "a moot point" because Abby testified her income was slated to increase. We agree with Michael.

At the modification hearing, Abby used a higher income figure for herself than the figure used by the dissolution court in calculating Michael's original child support obligation. Although she also used a higher income figure for Michael, he provided a pay stub documenting that his current annual salary was the same as it was when the court calculated his child support obligation. He also testified that a second part-time job he had as a cook was "very sporadic" and he had not "worked there" over the previous "two months." Given Abby's concession that her income would increase and her failure to document the basis for a finding of a ten-percent deviation, we decline to modify the child support award.

## IV. *Visitation*

Abby contends, "If the district court's custody determination is affirmed, the holiday schedule should be amended in the best interest of the minor children."

> The parent seeking to modify child visitation provisions of a dissolution decree must establish by a preponderance of evidence that there has been a material change in circumstances since the decree and that the requested change in visitation is in the best interests of the children. This standard follows the criteria used in actions to modify child custody, except a much less extensive change in circumstances is generally required in visitation cases. The rationale for this lower standard is found in the prevailing principle that the best interests of children are ordinarily fostered by a continuing association with the noncustodial parent.

*In re Marriage of Salmon*, 519 N.W.2d 94, 95–96 (Iowa Ct. App. 1994) (citations omitted).

Abby sought a modification of the holiday schedule because she stated she did not see the children for "three weeks nonstop" over spring break. But she acknowledged she received a similar three-week period with the children in another year. And, there is evidence that the parents previously resolved concerns without court intervention. On our de novo review, we decline to modify the holiday visitation schedule.

## V. *Appellate Attorney Fees*

Abby seeks an award of $13,097.50 in appellate attorney fees. An award of appellate attorney fees is not a matter of right but rests within this court's discretion. *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). We decline her request.

**AFFIRMED.**