## IN THE COURT OF APPEALS OF IOWA

No. 22-0099
Filed May 24, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROBIN ALEJANDRO CASTILLO FUENTES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Justin Lightfoot,

Judge.


        Robin Alejandro Castillo Fuentes appeals his conviction for child

endangerment.  **AFFIRMED.**


        John J. Bishop, Cedar Rapids, for appellant.

        Brenna Bird, Attorney General, and Thomas E. Bakke, Assistant Attorney

General, for appellee.


        Considered by Bower, C.J., Vaitheswaran, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2023).

**DANILSON, Senior Judge.**

Robin Alejandro Castillo Fuentes appeals, challenging the sufficiency of the evidence to support his conviction for child endangerment. Upon our review, we affirm.

## I.    *Background Facts and Proceedings*

Castillo Fuentes married Y.C.'s mother shortly after Y.C.'s birth in 2006, and he later became Y.C.'s adoptive father. During 2018 and 2019, Castillo Fuentes sexually molested Y.C. The acts usually took place at night while Y.C. was in a bed she shared with her younger sister. Y.C. attempted to deter Castillo Fuentes by "wearing more clothes under [her] pajamas" and "rolling over to the side of [the] bed that was against the wall" to get farther away from him. According to Y.C., on one occasion, Castillo Fuentes "grabbed [her] arm really hard and pulled [her] to the other side of the bed," which "hurt" and left a mark. Y.C. eventually disclosed the contact, and the police were notified.

The State filed a trial information charging Castillo Fuentes with four crimes in thirty separate counts. A jury found him guilty on fourteen counts of lascivious conduct with a minor, fourteen counts of indecent contact with a minor, child endangerment, and assault. Castillo Fuentes appeals, challenging the sufficiency of the evidence to support his child endangerment conviction.

## II.    *Standard of Review*

We review the sufficiency of the evidence for correction of errors at law. *See State v. Lacey*, 968 N.W.2d 792, 800 (Iowa 2021). "Under this standard, the court is highly deferential to the jury's verdict. We will affirm the jury's verdict when the verdict is supported by substantial evidence." *Id.* Evidence is substantial if it

is sufficient to convince a rational person of the defendant's guilt beyond a reasonable doubt. *Id.* In making this determination, we view the evidence and all reasonable inferences that can be drawn from it in the light most favorable to the State. *Id.* The question is whether the evidence supports the finding the jury made, not whether it would support a different finding. *Id.*

### III.    Sufficiency of the Evidence

Castillo Fuentes' child endangerment charge stemmed from Y.C.'s claim that during one of the incidents of sexual contact, Castillo Fuentes grabbed her arm and pulled her to the other side of the bed, leaving a mark. The jury was instructed the State had to prove the following elements of child endangerment causing bodily injury:

> 1. On or about any date between and including June 1, 2018, and December 31, 2018, in Johnson County, the Defendant acted with the knowledge that he was creating a substantial risk to Y.C.'s physical, mental, or emotional health or safety;
> 2. At the time of the act, Y.C. was under the age of fourteen;
> 3. At that time of the act, Defendant was a parent, guardian, or person having custody or control over Y.C.; and
> 4. The Defendant's act resulted in bodily injury to Y.C.

*See* Iowa Code § 726.6 (2019) (defining child endangerment). The jury found the State did not prove the fourth element—that Castillo Fuentes' act resulted in bodily injury to Y.C. Accordingly, the jury found Castillo Fuentes guilty of the lesser-included offense of child endangerment. On appeal, Castillo Fuentes concedes the second and third elements but challenges the first element.

Specifically, Castillo Fuentes claims the evidence demonstrates he "merely pulled Y.C. from one side of the bed to the other," an action he argues was "so brief and limited that it could not in any real or identifiable way have created a

substantial risk to Y.C.'s physical, mental, or emotional health or safety." However, the brevity of the act does not aid in resolving the issue before us.

Iowa Code section 726.6(1)(a) "requires a showing of substantial risk to a child's physical health or safety. It does not require proof that the conduct was negligent or reckless, although such actions may create a substantial risk." *State v. Anspach*, 627 N.W.2d 227, 232 (Iowa 2001). Under this standard, it is "unnecessary to prove that the physical risk to a child's health or safety is likely. Rather a showing that the risk is real or articulable will suffice." *Id.* at 232–33.

Here, Y.C. described her intentional efforts to stay close to the bedroom wall to be "further away from the side that [Castillo Fuentes] would usually come on[to the bed]." On this occasion, Castillo Fuentes did not just roll Y.C. over in the bed, but he "grabbed" her arm "really hard" and physically pulled her "to the other side of the bed." His action "hurt" Y.C. and left a mark on her arm. Clearly Castillo Fuentes was not pulling Y.C.'s arm to safeguard her from a more serious injury. Viewing the record in the light most favorable to the State, we find sufficient evidence that Castillo Fuentes' actions created a substantial risk to Y.C.'s physical, mental, or emotional health or safety. *See id.* at 233 (observing substantial risk is "[t]he very real possibility of danger to a child's physical health or safety").

Castillo Fuentes further claims that due to the "brief and limited" nature of his contact with Y.C., there was insufficient evidence to prove he "acted with knowledge that he was creating a substantial risk to Y.C.'s physical, mental, or emotional health or safety." "[K]nowledge may be proved not only by direct evidence, but also by reasonable inferences drawn from the circumstances." *State v. Millsap*, 704 N.W.2d 426, 430 (Iowa 2005). A jury may infer a defendant knew

5

about the risk when the circumstances created a risk of harm that was "easily foreseeable." *See id.* at 431. Here, a reasonable jury could infer from the totality of circumstances that Castillo Fuentes knew he created a substantial risk to Y.C.'s physical, mental, or emotional health or safety based on "easily foreseeable" risks of grabbing and pulling a twelve-year-old child across a bed, whether or not the purpose was to further sexual molestation. *See, e.g.*, *State v. Bostic*, No. 21-1675, 2023 WL 155033, at *7 (Iowa Ct. App. Jan. 11, 2023) ("Simply stated, how could he *not* know his actions created risk of physically, mentally, or emotionally harming his children?"); *State v. Swift*, No. 22-0231, 2023 WL 2674091, at *3 (Iowa Ct. App. Mar. 29, 2023) (noting "[t]he record featured the 'easily foreseeable' risks" of harm to the child evidencing the knowledge component of the mother's conviction for child endangerment).

Viewing the record in the light most favorable to the State, substantial evidence supports Castillo Fuentes' conviction for child endangerment. Accordingly, we affirm.

**AFFIRMED.**