**IN THE COURT OF APPEALS OF IOWA**

No. 23-0546
Filed January 10, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**URBAN JETTALLE MORRIS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Lee (North) County, John M. Wright,

Judge.


A defendant appeals the sentence imposed following his guilty plea to

assault causing bodily injury.  **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant

Attorney General, for appellee.


Considered by Greer, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

Urban Morris, while a spectator at his pre-teen son's basketball game, approached and struck the referee officiating the game. As a result, Morris was charged with and pleaded guilty to assault causing bodily injury. During the sentencing hearing, as the district court tried to announce Morris's sentence, Morris began interrupting, arguing with, and challenging the court, telling the court "[w]hatever you want to do, do it" and repeatedly referring to what was happening as "bullshit." As a result of the outbursts, the district court held Morris in contempt twice. After sentencing Morris for the two incidents of contempt, the court also sentenced Morris on the assault charge. The court imposed a sentence of 360 days in jail, with all but 180 days suspended, and placed Morris on informal probation. The court also ordered Morris to pay a fine of $1500 plus a fifteen percent surcharge.

Morris appeals his sentence.[1] Morris does not claim the sentence imposed was outside statutory limits, so the sentence is presumptively valid and can only be vacated for an abuse of discretion or consideration of inappropriate matters. *See Wilbourn*, 974 N.W.2d at 65 ("A sentencing court's decision to impose a specific sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.'" (quoting *State v. Damme*, 944 N.W.2d

---

[1] Iowa Code section 814.6(1)(a)(3) (2023) prohibits a defendant from appealing following a guilty plea to an offense other than a class "A" felony unless the "defendant establishes good cause." Because Morris appeals his sentence rather than the guilty plea itself, he has established good cause, and we have jurisdiction to hear his appeal. *See State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022).

98, 105–06 (Iowa 2020))).  Instead, he contends the sentence was unduly harsh, the district court showed bias by baiting Morris into his behavior at the hearing, and the district court showed bias by imposing a fine greater than the statutory minimum.  We address each argument in turn.

As for the claim of an unduly harsh sentence, Morris does not point to the court's consideration of any improper factors.  Instead, he highlights mitigating factors and essentially asks for a lighter sentence.  But it is not our place to substitute our judgment for that of the district court.  *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) ("[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds.").  In arriving at the sentence imposed, the district court announced its goals of providing for Morris's rehabilitation and protection of the community.  The court stated that it relied on the information in the presentence investigation report, to which Morris lodged no objection.  The court also considered Morris's family background; his educational level; the stability of his residence and family life; his age; his criminal history, including past probation and time in prison; his substance-abuse history; and the nature of the offense.  These are all proper factors, and Morris makes no claim to the contrary.  Instead, he criticizes the district court for placing too much weight on the nature of the offense. But the weight to give individual sentencing factors is inherent in the discretionary nature of sentencing, and we do not interfere with the sentencing decision in the absence of abuse of that discretion.  *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard.

Discretion encompasses a range of reasonable choices upon which individual judges may differ."). Morris was a spectator at a youth basketball game and chose to physically attack the referee. We find no abuse of the district court's discretion in choosing to give weight to the nature of this offense when the court also considered a host of other relevant factors.

Morris's claim that the district court showed bias by baiting him into his behavior at the hearing stems from comments the court made after he began interrupting and arguing with the court. Before getting to the details of Morris's outbursts and the court's comments in response, we note that Morris cites no authority in support of his claim of bias. It appears Morris's claim of bias is based on the exchange between him and the court during the sentencing hearing, not on any claimed bias stemming from an extrajudicial source. As a result, his claim of bias fails on that basis alone. *Cf. State v. Millsap*, 704 N.W.2d 426, 432 (Iowa 2005) (noting, in the context of recusal, "[j]udicial predilection or an attitude of mind resulting from the facts learned by the judge from the judge's participation in the case is not a disqualifying factor"). Nevertheless, as Morris's claim of bias is intertwined with his claim of abuse of discretion, we will discuss additional details of his claim.

As part of his outbursts at the sentencing hearing, Morris said, "I don't get this because this is bullshit, man." The court responded, "Oh, there's some emotion." As Morris's outburst continued, Morris stated, "You were trying to egg me on, like you're trying to do this. You succeeded, man. Oh man, this is bullshit, man." To which, the court responded, referring to Morris's completion of an anger-management class referenced earlier in the hearing, "I see the anger management

classes ha[ve] helped." Morris tries to justify his role in this exchange by noting that his "emotions were running high at the thought of being placed in jail and having to figure out what to do regarding his children." But those stakes are almost always in play at a sentencing hearing, so they do not justify Morris's outbursts. While we do not condone the court's sarcastic responses to Morris's misconduct, there is nothing in the record that suggests the court relied on any improper factors—or even Morris's outbursts during the hearing—in arriving at the sentence. Morris's claim of abuse of discretion based on bias fails as a result.

Finally, we turn to Morris's claim that the district court showed bias by imposing a fine greater than the statutory minimum, contending "[i]t is rare that a court imposes more than the minimum fine." To the extent Morris's claim is one of bias, we reject it for the same reasons previously discussed. To the extent Morris's claim of bias is really one of an abuse of discretion, Morris points to no authority that suggests a court abuses its discretion by imposing more than the minimum fine. Morris goes on to argue that, since he is being incarcerated, the burden of the fine falls on his family. But that is true almost any time a defendant with a family is sentenced and does not amount to an abuse of discretion. As the fine imposed was within statutory limits, the sentence is presumed valid. *See Wilbourn*, 974 N.W.2d at 65. Morris has not demonstrated consideration of improper factors or any other abuse of the court's discretion in imposing the fine, so we reject his challenge to the sentence.

**AFFIRMED.**